**LOKER LAW, APC**
Matthew M. Loker, Esq. (279939)
matt@loker.law
1303 East Grand Avenue, Suite 101
Arroyo Grande, CA 93420
Telephone: (805) 994-0177

**GRACE LAW, APC**
Scott M. Grace, Esq. (236621)
sgrace@gracelawapc.com
1958 Sunset Cliffs Boulevard
San Diego, CA 92107
Telephone: (619) 346-4612

*Attorney for Plaintiff,*
Hanna Fayad

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **HANNA FAYAD,** | **Case No.:** |
| Plaintiff, | **COMPLAINT FOR DAMAGES FOR VIOLATIONS OF:** |
| v. | |
| **PARADIGM ASSETS LLC; CAWLEY & BERGMANN, LLC; EXPERIAN INFORMATION SOLUTIONS, INC.; EQUIFAX INFORMATION SERVICES, LLC; AND, TRANS UNION LLC** | **I.   FAIR CREDIT REPORTING ACT;**<br><br>**II.   CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT;**<br><br>**III.   FAIR DEBT COLLECTION PRACTICES ACT; AND,**<br><br>**IV.   ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT** |
| Defendants. | **JURY TRIAL DEMANDED** |

LOKER LAW, APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420

LOKER LAW, APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420

# INTRODUCTION

1. The United States Congress has found that the banking system is dependent upon fair and accurate credit reporting.  Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system.  As such, Congress enacted the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA") to insure fair and accurate reporting, promote efficiency in the banking system and protect consumer privacy.  The FCRA seeks to ensure consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers.  The FCRA also imposes duties on the sources that provide credit information to credit reporting agencies, called "furnishers."

2. The United States Congress has also found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq, to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not completely disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

LOKER LAW, APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420

3.  The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty, and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.[1]

4.  HANNA FAYAD ("Plaintiff"), by Plaintiff's attorneys, brings this action to challenge the actions of PARADIGM ASSETS LLC ("Paradigm"); CAWLEY & BERGMANN, LLC ("C&B"); EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian"); EQUIFAX INFORMATION SERVICES, LLC ("Equifax"); and, TRANS UNION LLC ("Trans Union") with regard to attempts by Paradigm to unlawfully and abusively collect an invalid debt from Plaintiff, inclusive of inaccurate credit reporting to, and by, the Credit Bureaus and this conduct caused Plaintiff damages.

5.  Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

6.  While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

7.  Unless otherwise stated, all the conduct engaged in by Defendants took place in California.

---

[1] Cal. Civ. Code §§ 1788.1 (a)-(b)

8.  Any violations by each Defendant were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violation.

9.  Unless otherwise indicated, the use of a Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant's named.

## JURISDICTION AND VENUE

10. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331; 15 U.S.C. § 1692; 15 U.S.C. § 1681p; and, 28 U.S.C. § 1367 for supplemental state claims.

11. This action arises out of Defendants' violations of (i) Fair Credit Reporting Act, 15 U.S.C. §§ 1681 et seq. ("FCRA"); (ii) the California Consumer Credit Reporting Agencies Act, Cal. Civ. Code §§ 1785.1, et seq. ("CCCRAA"); (iii) Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, et seq. ("FDCPA"); and, Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §§ 1788, et seq. ("RFDCPA").

12. Because Defendants conduct business within the State of California, personal jurisdiction is established.

13. Venue is proper pursuant to 28 U.S.C. § 1391 for the following reasons: (i) both Plaintiff and Experian are located within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and, (iii) Defendants conducted business within this judicial district at all times relevant.

## PARTIES

14. Plaintiff is a natural person who resides in Arcadia, California, from whom Paradigm's subsidiary, JHPDE FINANCE I, LLC ("JHPDE"), sought to collect a consumer debt which was alleged to be due and owing from Plaintiff.

LOKER LAW, APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420

15. In addition, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c); 15 U.S.C. § 1692a(3); and, Cal. Civ. Code § 1785.3(c).

16. Paradigm in the ordinary course of business, regularly, on behalf of themselves or others, engage in "debt collection" as that term is defined by California Civil Code § 1788.2(b), and is therefore a "debt collector" as that term is defined by California Civil Code § 1788.2(c) and 15 U.S.C. § 1692a(6).

17. Similarly, C&B also in the ordinary course of business, regularly, on behalf of themselves or others, engage in "debt collection" as that term is defined by California Civil Code § 1788.2(b), and is therefore a "debt collector" as that term is defined by California Civil Code § 1788.2(c) and 15 U.S.C. § 1692a(6).

18. Paradigm is a furnisher of information as contemplated by FCRA sections 1681s-2(b), that regularly and in the ordinary course of business furnish information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

19. Paradigm is a "claimant" as that term is defined by California Civil Code § 1798.92(a).

20. Paradigm in the ordinary course of business, regularly, on behalf of themselves or others, engages in "debt collection" as that term is defined by California Civil Code § 1788.2(b), and is therefore a "debt collector" as that term is defined by California Civil Code § 1788.2(c).

21. Experian is a corporation located in the State of California.

22. Equifax is a corporation located in the State of Georgia.

23. Trans Union is a corporation located in the State of Pennsylvania.

24. Equifax; Experian; and, Trans Union are each a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f); and, Cal. Civ. Code § 1785.3(d).

25. Defendants are also each a "person" as that term is defined by Cal. Civ. Code § 1785.3(j).

LOKER LAW, APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420

26. This action arises out of a "debt" as that term is defined by Cal. Civ. Code § 1788.2(d); and, 15 U.S.C. § 1692a(5) that was incurred as a result of a "consumer credit transaction" as defined by Cal. Civ. Code § 1788.2(e).

27. The causes of action herein also pertain to Plaintiff's "consumer credit report" as that term is defined by Cal. Civ. Code § 1785.3(d), in that inaccurate representations of Plaintiff's credit worthiness, credit standing, and credit capacity were made via written, oral, or other communication of information by a consumer credit reporting agency, which is used or is expected to be used, or collected in whole or in part, for the purposes of serving as a factor in establishing Plaintiff's eligibility for, among other things, credit to be used primarily for personal, family, household and employment purposes.

## FACTUAL ALLEGATIONS

28. At all times relevant, Plaintiff is an individual residing within the State of California.

29. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3), and is a "debtor" as defined by Cal. Civ. Code § 1788.2(h).

30. Paradigm through its subsidiary, JHPDE, initiated a collection action against Plaintiff on November 6, 2018 in the Los Angeles Superior Court entitled *JHPDE Finance I, LLC v. Hanna M. Fayad*, Case No. 18CHLC32864 (the "Collection Action").

31. The Parties resolved the Collection Action in or about November 2019.

32. Thereafter, Plaintiff received a written communication from C&B dated January 27, 2022 regarding the debt at issue in the Collection Action.

33. Said written communication sought to collect the debt from Plaintiff in a manner that violated the Parties' settlement of the collection action.

34. Through this conduct, C&B violated 15 U.S.C. § 1692e by using false, deceptive, and misleading representations in connection with the collection of Plaintiff's alleged debt.  This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, C&B violated Cal. Civ. Code § 1788.17.

35. Through this conduct, C&B violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, and legal status of the fraudulent debt in connection with the collection of the fraudulent debt from Plaintiff.   This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, C&B violated Cal. Civ. Code § 1788.17.

36. Through this conduct, C&B violated 15 U.S.C. § 1692e(10) by using false representations and deceptive means to collect the fraudulent debt from Plaintiff.  This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, C&B violated Cal. Civ. Code § 1788.17.

37. Through this conduct, C&B violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect the fraudulent debt from Plaintiff.  This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, C&B violated Cal. Civ. Code § 1788.17.

38. Through this conduct, C&B violated 15 U.S.C. § 1692f(1) by collecting an amount not expressly authorized by the agreement creating the debt or permitted by law.  This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, C&B violated Cal. Civ. Code § 1788.17.

39. By transferring or assigning this debt to C&B, Paradigm also misrepresented the debt as outstanding.

40. Through this conduct, Paradigm violated 15 U.S.C. §§ 1692e; 1692e(a)(A); 1692e(10); 1692f; and, 1692(f)(1) as well as Cal. Civ. Code § 1788.17.

LOKER LAW, APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420

41. In or about March 2022, Plaintiff learned for the first time that the Paradigm tradeline was being reported to each of the Credit Bureaus in a manner that contradicted the Parties' resolution of the Collection Action.

42. Through this conduct, Paradigm violated 15 U.S.C. § 1692e(8) by furnishing information to the credit bureaus it knew or should have known was inaccurate.

43. Plaintiff submitted written disputes to the Credit Bureaus dated March 28, 2022 explaining the basis for Plaintiff's belief that the credit reporting was inaccurate.

44. Paradigm was then required to conduct a reasonable reinvestigation into this specific account on Plaintiff's consumer report pursuant to 15 U.S.C. § 1681s-2(b)(1)(A).

45. The Credit Bureaus were also required to conduct their own reasonable reinvestigation into this specific account on Plaintiff's consumer report pursuant to 15 U.S.C. §1681i.

46. Plaintiff received notification from Experian dated April 9, 2022 that the Paradigm tradeline had been verified.

47. Plaintiff also received notice from Trans Union dated April 13, 2022 informing Plaintiff that Paradigm verified its reporting yet again.

48. Plaintiff submitted a further dispute to Defendants dated May 7, 2022 containing even more information to justify Plaintiff's dispute.

49. Plaintiff's May 2022 dispute further established that the information being reported to the credit bureaus was inaccurate.

50. Unfortunately, Plaintiff was met with the same response following his updated dispute.

51. Paradigm's verification of its reporting to Experian was conveyed to Plaintiff through a May 19, 2022 written communication.

52. Paradigm's verification of its reporting to Trans Union was conveyed to Plaintiff through a May 23, 2022 written communication.

53. Paradigm submits inaccurate credit information regarding Plaintiff to the Credit Bureaus every thirty days.

54. The Credit Bureaus did not provide notice to Plaintiff that Plaintiff's dispute was "frivolous or irrelevant," pursuant to 15 U.S.C. § 1681i(a)(3).

55. Defendants' investigations were unreasonable.

56. More specifically, Paradigm should have discovered from Paradigm's own records, including Plaintiff's formal dispute, that the information being reported was inaccurate and materially misleading since Paradigm was a party to the collection action and personally participated in its resolution.

57. Accordingly, Paradigm failed to conduct a reasonable investigation with respect to the disputed information as required by 15 U.SC. § 1681s-2(b)(1)(A) by failing to remove all of the disputed and incorrect information.

58. Paradigm failed to review all relevant information provided by Plaintiff in the dispute to the Credit Bureaus, as required by and in violation of 15 U.S.C. § 1681s-2(b)(1)(B).

59. Due to Paradigm's failure to reasonably investigate, Paradigm further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681s-2(b)(1)(E), thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. § 1681-s(2)(b)(1)(C).

60. By inaccurately reporting account information after notice and confirmation of its errors, Paradigm failed to take appropriate measures as required by 15 U.S.C. § 1681s-2(b)(1)(D); and, (E).

61. Through this conduct, Paradigm violated Cal. Civ. Code § 1785.25(a) by furnishing information to consumer reporting agencies that Paradigm knew or should know was inaccurate.

LOKER LAW, APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420

62. The Credit Bureaus also failed to conduct a reasonable investigation with respect to the disputed information as required by 15 U.S.C. §1681i.

63. Plaintiff's continued efforts to correct Defendants' erroneous and negative reporting by communicating Plaintiff's dispute with the Credit Bureaus were fruitless.

64. Defendants' continued inaccurate and negative reporting of the inaccurate information to Plaintiff's credit report in light of Defendants' knowledge of the actual error was willful.

65. Defendants' continued inaccurate and negative reporting of the inaccurate information to Plaintiff's credit report in light of Defendants' knowledge of the actual error was reckless.

66. Defendants' failure to correct the previously admitted inaccuracies on Plaintiff's credit reports was intentional and in reckless disregard of Defendants' duty to refrain from reporting inaccurate information.

67. Accordingly, Defendants willfully and negligently failed to comply with Defendants' respective duties to reasonably investigate Plaintiff's dispute.

68. Defendants' inaccurate and negative reporting damaged Plaintiff's creditworthiness.

69. Defendants' conduct has caused Plaintiff emotional distress.

70. Plaintiff has spent countless hours disputing this inaccurate information with Defendants in an attempt to provide any and all information needed for the investigations.

71. While Plaintiff was thorough in Plaintiff's disputes at all times, each Defendant merely responded with form letters that failed to take into account any of the specifics identified in Plaintiff's disputes.

LOKER LAW, APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420

72. Plaintiff's anxiety; frustration; stress; lack of sleep; nervousness; anger; and, embarrassment continues to this day because this large charge-off mischaracterizes Plaintiff as someone that avoids Plaintiff's financial obligations and significantly harms Plaintiff's credit score.

73. Despite Plaintiff's repeated attempts, Defendants continue to report an invalid debt to Plaintiff's credit report.

74. As a direct and proximate result of Defendants' willful action and inaction, Plaintiff has suffered actual damages, including, but not limited to, reviewing credit reports, preparing and mailing dispute letters, attorneys' fees, loss of credit, loss of ability to purchase and benefit from credit, increased costs for credit, mental and emotional pain and anguish, and humiliation and embarrassment of credit denials. Plaintiff has further spent countless hours and suffered pecuniary loss in attempting to correct Defendants' inaccurate and derogatory information, without success.

75. Based upon the discussion above, Plaintiff contends that punitive damages are available to Plaintiff.

76. Similarly, the Credit Bureaus also received documents in connection with Plaintiff's dispute that directly contradicted the inaccurate credit reporting.

77. These documents should have caused the Credit Bureaus to remove the inaccurate information from Plaintiff's credit report.

78. By intentionally reporting continuing obligations, the Credit Bureaus acted in conscious disregard for Plaintiff's rights.

79. To report an ongoing obligation despite the fraudulent nature of these accounts shows that Defendants took action involving an unjustifiably high risk of harm that was either known or so obvious that it should be known.

LOKER LAW, APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420

80. Since Plaintiff's efforts to be absolved of the fraudulent debts were unsuccessful, Plaintiff was required to bring this action to finally resolve Plaintiff's remaining disputes.

## CAUSES OF ACTION CLAIMED BY PLAINTIFF

### COUNT I

### VIOLATION OF THE FAIR CREDIT REPORTING ACT

### 15 U.S.C. §§ 1681-1681X (FCRA)

### [AGAINST ALL DEFENDANTS]

81. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

82. The foregoing acts and omissions constitute numerous and multiple violations of the FCRA.

83. As a result of each and every negligent violation of the FCRA, Plaintiff is entitled to actual damages, pursuant to 15 U.S.C. § 1681o(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2), from each Defendant.

84. As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages or damages of not less than $100 and not more than $1,000 and such amount as the court may allow, pursuant to 15 U.S.C. § 1681n(a)(1)(A); punitive damages as the court may allow, pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from each Defendant.

# COUNT II

## VIOLATION OF THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT

## CAL. CIV. CODE § 1785.1, ET SEQ.

## [AGAINST PARADIGM]

85. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

86. The foregoing acts and omissions constitute numerous and multiple violations of the California Consumer Credit Reporting Agencies Act.

87. In the regular course of its business operations, Paradigm routinely furnishes information to credit reporting agencies pertaining to transactions between Paradigm and Paradigm's consumers, so as to provide information to a consumer's credit worthiness, credit standing and credit capacity.

88. Because Paradigm is a partnership, corporation, association, or other entity, and are therefore each a "person" as that term is defined by Cal. Civ. Code § 1785.3(j), Paradigm is and always was obligated to not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should have known that the information is incomplete or inaccurate, as required by Cal. Civ. Code § 1785.25(a).

89. Since Paradigm received all documents required to determine the inaccuracy of Paradigm's reporting, Paradigm should have known to update said reporting.

90. Paradigm also should have determined that Paradigm's reporting was inaccurate through review of their own account notes and records; and, as a result of the information provided with Plaintiff's disputes.

**CAUSES OF ACTION CLAIMED BY PLAINTIFF**

**COUNT III**

**VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT**

**15 U.S.C. §§ 1692-1692(P) (FDCPA)**

**[AGAINST PARADIGM AND C&B]**

91.  Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

92.  The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA.

93.  As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Paradigm and C&B.

**COUNT II**

**VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

**CAL. CIV. CODE §§ 1788-1788.32 (RFDCPA)**

**[AGAINST PARADIGM AND C&B]**

94.  Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

95.  The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA.

LOKER LAW, APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420

96.  As a result of each and every violation of the RFDCPA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from Paradigm and C&B.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against each Defendant for:

- An award of actual damages, in an amount to be determined at trial or damages of a maximum of $1,000 pursuant to 15 U.S.C. § 1681n(a)(1)(A), against Defendant for each incident of willful noncompliance of the FCRA;

- An award of punitive damages, as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2), against Defendant for each incident of willful noncompliance to the FCRA;

- An award for costs and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n(a)(3), against Defendant for each incident of negligent noncompliance of the FCRA;

- An award of actual damages in an amount to be determined at trial pursuant to 15 U.S.C. § 1681o(a)(1) against Defendant for each incident of negligent noncompliance of the FCRA;

- An award of costs and litigation and reasonable attorney's fees pursuant 15 U.S.C. § 1681n(a)(3) and 15 U.S.C. § 1681o(a)(2) against Defendant for each incident of noncompliance of the FCRA;

- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1785.31(a)(2)(A), against each named Defendant individually;

LOKER LAW, APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420

LOKER LAW., APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420

- Award of attorneys' fees and costs pursuant to Cal. Civ. Code § 1785.31(a)(1); and, Cal. Civ. Code § 1785.31(d) against each named Defendant individually;

- An award of punitive damages of $100-$5,000 per willful violation of Cal. Civ. Code § 1785.25(a), pursuant to Cal. Civ. Code § 1785.31(a)(2)(B);

- Punitive damages according to proof as to the FCRA; and, CCCRAA;

- For equitable and injunctive relief pursuant to Cal. Civ. Code § 1785.31(b); and,

- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1788.30(a), against each named Defendant individually;

- An award of statutory damages of $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b), against Defendant;

- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c), against Defendant;

- An award of actual damages, in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1), against Defendant;

- An award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A), against Defendant;

- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3), against Defendant; and,

- Any and all other relief the Court deems just and proper.

**TRIAL BY JURY**

97.   Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.


Dated: June 21, 2022                                    Respectfully submitted,


                                                        **LOKER LAW, APC**


                              By:   ___/s/ Matthew M. Loker___
                                    MATTHEW M. LOKER, ESQ.
                                    ATTORNEY FOR PLAINTIFF